IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MICHAEL MARVIN RUSSIE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:17-CV-225 |
| | § | |
| LORIE DAVIS, et al., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DENY PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF
AND TEMPORARY RESTRAINING ORDER**

Before the Court is plaintiff MICHAEL MARVIN RUSSIE's ("Russie's") combined Motion for Injunction and Motion for a Temporary Restraining Order [ECF 9]. For the following reasons, the Court recommends Russie's motion(s) should be denied.

I.
PLAINTIFF'S REQUESTS FOR INJUNCTIVE RELIEF AND RESTRAINING ORDER

Russie incorporates the claims in his complaint and memorandum of law in support of his complaint into his request for a preliminary injunction and a permanent restraining order. Russie contends by his complaint and motion for injunction that he is being denied access to the courts through the denial of indigent supplies. Russie also contends that he has been subjected to false disciplinary proceedings and that these disciplinary cases have extended the length of his prison sentence, he has lost personal property, he has been denied access to certain religious and recreation activities, and he has been denied access to certain rehabilitation programs. Russie also claims he has been subjected to physical assaults by other inmates based on the failure of unit "staff" to protect

him. Russie requests the Court to order all defendants from participating or conspiring in "further retaliation, reprisal, harassment, denial [of] access to the courts, [denial of] material and faith based practice, denial of access to TDCJ-CID rehabilitation programs, … administrative threats of infractions or threats of assault, slander and defamation of religious claims and sexual identity." [ECF 9 at 1].

## II.
## LEGAL STANDARD

In order to obtain a preliminary injunction under Federal Rule of Civil Procedure 65(a), the applicant must demonstrate all four of the following elements:

> "(1) a substantial likelihood of success on the merits;
> (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied;
> (3) the threatened injury outweighs any damage that the injunction might cause the defendant; and
> (4) the injunction will not disserve the public interest."

*Jackson Women's Health Org. v. Currier*, 760 F.3d 448, 452 (5th Cir. 2014) (quoting *Hoover v. Morales*, 164 F.3d 221, 224 (5th Cir. 1998)). Injunctive relief is an extraordinary remedy requiring the applicant to unequivocally show the need for its issuance. *Sepulvado v. Jindal*, 729 F.3d 413, 417 (5th Cir. 2013) (internal citations and quotations omitted), *cert. denied*, 134 S.Ct. 1789 (2014).

Plaintiff must carry the burden as to all four elements before a preliminary injunction may be considered. *Voting for America, Inc. v. Steen*, 732 F.3d 382, 386 (5th Cir. 2013) (internal quotations and citations omitted). Additionally, for a permanent injunction to issue, the plaintiff must prevail on the merits of his claim and establish that equitable relief is appropriate in all other respects. *Dresser-Rand Co. v. Virtual Automation Inc.*, 361 F.3d 831, 847-48 (5th Cir. 2004). Movants for injunctive relief must show that constitutional violations have occurred and that state

officials are "demonstrably unlikely to implement required changes" without injunctive relief. *Hay v. Waldron*, 834 F.2d 481 (5th Cir. 1987).

Federal Rule of Civil Procedure 65(b)(1) governs the issuance of a temporary restraining order ("TRO"). A TRO encompasses only restraint on a party for a fourteen day period. Fed. R. Civ. P. 65(b)(2). If plaintiff's requests for restraint extend beyond this period, then the Court may construe his requests as a motion for a preliminary injunction; as such, the plaintiff must satisfy the substantive requirements for a preliminary injunction in order to obtain this relief. *See White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989).

### III.
### FINDINGS AND CONCLUSIONS

The undersigned makes the following findings and conclusions:

1. Russie asks the Court to issue restraint on the defendants beyond the fourteen day limitations encompassed by a TRO; thus, the Court will treat Russie's motion as a request for a preliminary or permanent injunction, not a restraining order. Additionally, Russie's claim fails in his request for a TRO because he has not shown how immediate and irreparably injury, loss, or damage will result before the adverse party can be heard in opposition to his complaint, and Russie has not given notice to the other party of this request for injunctive relief or shown why notice should not be required. *See* Fed. R. Civ. P. 65(b)(1).

2. Russie claims he has received false disciplinary charges at the hands of these defendants. Russie states that as a result of these false disciplinary cases and resultant punishments, he has been denied access to rehabilitation programs, denied access to religious services, denied access to recreational activities, lost personal property, and received reprisals and threats from staff.

3. Russie's claim for injunctive relief fails as a matter of law because he cannot show a substantial likelihood of success on the merits of his underlying claims regarding his disciplinary charges. Russie presents no more than his personal belief that these disciplinary charges are false or retaliatory. *See Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999). Russie has not alleged, nor shown, causation in any claim of retaliation or fraudulent assignment of disciplinary cases. *See McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998). Additionally, challenges to these disciplinary cases and their resultant punishments are barred by *Heck*. *See Heck v. Humphrey*, 512 U.S. 477, 481

      (1994) (stating plaintiffs must pursue any challenges to disciplinary proceedings through habeas relief). Further, if no good time was lost, then Russie has not suffered a constitutional deprivation sufficient to merit injunctive relief. *See Sandin v. Conner*, 515 U.S. 472 (1995).

4. Russie asks the Court to prohibit officials at the Clements Unit where he is housed from "engaging in further retaliation" and "threatening him with false infractions" or engaging in "threats of reprisal." Russie's claims of threats of violence or lack of protection do not specifically indicate any actions taken by the defendants he seeks the Court to enjoin. Russie seems to argue that all defendants are conspiring to place false disciplinary charges against him, but does not articulate a reason why they would do so. "Federal courts are reluctant to interfere" with matters of prison administration and management, such as prison discipline and classification of inmates. *Young v. Wainwright*, 449 F.2d 338, 339 (5th Cir. 1971). Russie has not shown that any prison disciplinary cases against him were brought in retaliation for his pursuit of any constitutional right.

5. Russie has not shown that his access to the courts has been affected in any manner. Russie has regularly filed motions and pleadings in this case and has not articulated how any "interference" alleged has affected this lawsuit. Additionally, Russie has not shown how a denial of certain indigent supplies has affected his ability to pursue this lawsuit or another lawsuit.

6. Russie has failed to articulate that he will suffer an "irreparable injury" if injunctive relief does not issue. Russie has an adequate remedy at law to address all of his claims against these defendants; thus, he has not shown he is likely to suffer an irreparable injury absent an injunction. *See Justin Indus., Inc. v. Choctaw Sec., L.P.*, 920 F.2d 262, 268 (5th Cir. 1990).

7. Because Russie has not articulated an irreparable injury, he has not shown that such threatened injury would outweigh the harm in enjoining defendants from control over disciplinary procedures, recreation or rehabilitation restrictions, personnel decisions, or access to supplies (which would be required to grant Russie the injunctive relief he requests).

8. Russie has not established that injunctive relief will not disserve the public interest. Prison administrators must be able to run prisons without the interference from the courts absent a showing of deliberate constitutional violations. *See Young*, 449 F.2d at 339.

9. Russie has failed to meet his burden on any, let alone all, of the four elements required for issuance of injunctive relief. The Court finds no claims made by Russie merit injunctive relief.

IV.
RECOMMENDATION

For the above reasons, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that Russie's motion(s) for injunction relief and his motion for a permanent restraining order [ECF 9] be DENIED.

V.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED July 12, 2018.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

\* **NOTICE OF RIGHT TO OBJECT** \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).